# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| AMY L. JUNGER-ROSSINI as Personal Representative of the ESTATE OF FRANK JUNGER, and BARBARA JUNGER, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>TOWNHOUSE TENNIS III, INC.,<br><br>Defendant. | Civil Action No. 9:22-cv-00323-DCN<br><br>**WRONGFUL DEATH/ SURVIVAL ACTION**<br><br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES

COME NOW the Plaintiffs Amy L. Junger-Rossini, as Personal Representative of the Estate of Frank Junger, and Barbara Junger, individually (collectively "Plaintiffs"), by and through the undersigned counsel of record, and bring this wrongful death and survival action against Defendant Townhouse Tennis III, Inc. ("Defendant") and allege as follows:

## NATURE OF THE ACTION

1. This wrongful death and survival action seeks compensatory and punitive damages for the wrongful death of Frank Junger ("the Decedent"), which resulted from Defendant's negligent acts and omissions.

## THE PARTIES, JURISIDICTION, AND VENUE

2. At all times relevant, Plaintiff Amy L. Junger-Rossini was and is a citizen and resident of Ridgewood, New Jersey.

3. At all times relevant, Plaintiff Barbara Junger and the Decedent were citizens of Fogelsville, Pennsylvania. At the time of the incident, Plaintiff Barbara Junger and the Decedent were renting and residing at a townhouse villa located within the property known as Townhouse Tennis III, Shipyard Plantation in Hilton Head Island, South Carolina ("the Property").

4.	At all times relevant, Defendant Townhouse Tennis III, Inc. was and is an association of property owners organized as a corporation under South Carolina law with its principle place of business located in Hilton Head Island, South Carolina. Service of process on Defendant may be made on its Registered Agent, Mr. Ronald Fenstermaker, The Professional Bldg. Suite 30, Hilton Head Island, South Carolina 29928. At all times relevant, Defendant conducted substantial business in South Carolina, and these causes of action arise out of torts committed in South Carolina; therefore, personal jurisdiction is appropriate and proper in South Carolina pursuant to South Carolina Code § 36-2-802 and South Carolina Code § 36-2-803.

5.	This Honorable Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332, as there is complete diversity between the parties, and Plaintiffs seek compensation in excess of this Court's jurisdictional amount of $75,000, exclusive of interest and costs.

6.	This Court has personal jurisdiction of the claims and parties under South Carolina Code § 36-2-802, South Carolina Code § 36-2-803, and the Due Process Clauses of the United States and South Carolina Constitutions.

7.	Venue of this action properly lies in the District of South Carolina and in this Division pursuant to 28 U.S.C. § 13919(a), as it is the judicial district in which a substantial part of the events or omissions giving rise to the claims alleged herein occurred.

## CONDITIONS PRECEDENT

8.	All conditions precedent to the filing of this action and to the Plaintiffs' rights to the relief sought have occurred, have been performed, or are excused.

**FACTS**

9.     At all times relevant, Defendant owned and was responsible for property design, maintenance, care and upkeep of the common areas and all structures located thereon within the Property.

10.    At all times relevant, the "common areas" of the Property included, but were not limited to: all roads, walkways, and all other elements of the Property rationally of common use and necessary to the existence, upkeep and safety of the Property and in general, all other devices or installations existing for common use.

11.    At all times relevant, Defendant permitted rental of individual townhouse villas located within the Property and received a financial benefit from this permitted activity.

12.    In late 2019, the Decedent began renting a townhouse villa, Townhouse Tennis #18, located within the Property.

13.    On or about November 1, 2019, the Decedent walked a short distance from Townhouse Tennis #18 villa to Townhouse Manor Circle, a residential drive, to check his mailbox at the community group of mailboxes that served his villa as well as eleven (11) other villas in the community.

14.    The group of mailboxes at issue were all supported upright by a single large wooden structure, arranged in three (3) rows of four (4) mailboxes, and located near the curb of Townhouse Manor Circle.

15.    The large wooden mailbox structure was located in a heavily brushed and landscaped common area, which was not properly maintained and located on an island on the other side of Townhouse Manor Circle.

16. This grouping of mailboxes did not comply with the United States Postal Service guidelines, standards and requirements governing curbside mailboxes or Cluster Box Units ("CBUs").

17. On November 1, 2019, as the Decedent started to cross Townhouse Manor Circle to retrieve mail from his mailbox, a 2009 Chevy pickup navigated left off of Barcelona Road onto Townhouse Manor Circle and suddenly emerged from behind the obscured vegetation and struck the Decedent, knocking him backward onto the pavement.

18. Upon impact, the Decedent struck his head on the pavement and lay bleeding.

19. Bystanders called 911 and began applying pressure to the back of the Decedent's head; they reported to Hilton Head Island Fire Rescue that the Decedent struggled to breath for a period of time before becoming unresponsive.

20. Thereafter, Hilton Head Island Fire Rescue arrived on the scene and reported that the Decedent was unresponsive, with a weak pulse. The paramedics noted that blood was flowing from both ears, and the Decedent had an approximately two-inch laceration to the back of his head.

21. Constant suction of the Decedent's airways was necessary as the paramedics began resuscitative efforts; however, efforts to revive the Decedent were unsuccessful and he was ultimately pronounced dead at the scene.

22. The Decedent experienced conscious pain and suffering prior to his death.

23. Upon information and belief, the 2009 Chevy pickup driver's view of the residential drive in front of the mailboxes and of the Decedent attempting to retrieve his mail at the group of mailboxes was obstructed by the location of the mailboxes on the left-hand side of Townhouse Manor Circle; the design and size of the wooden structure holding the mailboxes; and the unkept and unmaintained landscaping surrounding the mailboxes.

24. After investigation at the scene, Trooper Stephens with the South Carolina Highway Patrol concluded that the driver's view of the area was mostly obscured by the unmaintained landscaping and location and design of the mailbox structure.

25. At all times relevant, the mailboxes; mailbox structure; walkways; landscaping surrounding and leading to the mailboxes, and the roads within Townhouse Tennis III were common areas for which Defendant was responsible to maintain and keep safe.

## DAMAGES

26. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

27. As a direct and proximate result of Defendant's negligent and/or grossly negligent misconduct and omissions, the Decedent suffered damages:

    a) conscious pain and suffering;

    b) unnecessary medical expenses;

    c) personal injuries and trauma;

    d) funeral expenses; and

    e) such other and further particulars as the evidence may show.

28. Plaintiffs allege entitlement to all damages allowed under the Survival Act, §15-5-90, South Carolina Code of Laws.

29. As a direct and proximate result of Defendant's negligent and/or grossly negligent misconduct and omissions, the Decedent's beneficiaries suffered damages, both past and future:

    a) pecuniary loss;

    b) mental shock and suffering;

    c) wounded feelings;

  d) grief and sorrow;

  e) loss of companionship;

  f) deprivation of the use and comfort of Frank Junger's society, including the loss of his experience, knowledge, and judgment in managing the affairs of himself and his beneficiaries;

  g) funeral expenses; and

  h) such other and further particulars as the evidence may show.

30. Plaintiffs allege entitlement to all damages allowed under the South Carolina Wrongful Death Act, §15-51-10.

31. Moreover, the wrongful acts of Defendant showed willful misconduct, malice, wantonness, oppression and that entire want of care which would raise the presumption of conscious indifference to consequences and rights of others. Punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated.

## FOR A FIRST CAUSE OF ACTION
### (Premises Liability)

32. Plaintiffs adopt and re-allege each prior paragraph, where relevant, as if set forth fully herein.

33. Defendant, as owner of the Property and being responsible for maintenance, care and upkeep of the common areas and all structures located thereon within the Property, owed the Decedent a duty of reasonable care.

34. At all times relevant, the Decedent was an invitee on the Property with express or implied invitation and the right to use the common areas of the Property.

35. Defendant owed the Decedent a duty of care to discover risks and take safety precautions to eliminate dangerous conditions within the common areas of the Property.

36. Defendant owed the Decedent a duty of care to warn of foreseeable, unreasonable risks attendant with the Decedent's use of common areas of the Property.

37. A dangerous condition and unreasonable risks existed as a result of the location of the mailboxes on the left-hand side of Townhouse Manor Circle; the design and size of the structure holding the mailboxes; and the unkept and unmaintained landscaping surrounding the mailboxes.

38. Defendant should have anticipated bodily harm or death to invitees on the Property, such as the Decedent, if this dangerous condition and unreasonable risks were left unremedied.

39. Defendant created the dangerous condition and unreasonable risks presented by the common areas at issue by:

   a) erecting the mailbox structure on the left-hand side of Townhouse Manor Circle instead of the right-hand side, thereby requiring residents to cross the street to retrieve their mail and obstructing the oncoming view of all drivers veering left onto Townhouse Manor Circle, which is a one-lane residential drive and the entrance to the Property;

   b) erecting an oversized wooden structure to hold the group of mailboxes, thereby obstructing the oncoming view of all drivers veering left onto Townhouse Manor Circle, which is a one-lane residential drive and the entrance to the Property; and

   c) failing to keep the common areas adjacent to the mailboxes clear and unobstructed and failing to maintain the landscaping that blocked the view of the mailboxes by traffic entering the Property on Townhouse Manor Circle.

40. Defendant had actual or constructive knowledge of the dangerous condition and unreasonable risks presented by the common areas around the group of mailboxes, including the mailbox structure itself, and should have anticipated bodily harm or death to invitees on the Property, such as Decedent, if left unremedied.

41. Defendant was negligent, grossly negligent, careless, willful, wanton, and/or reckless so as to breach the duty of care owed to the Decedent by:

   a) Failing to ensure safe access to and egress from the group of mailboxes and the common areas of the Property;

   b) Failing to provide a pedestrian crosswalk over Townhouse Manor Circle from the Townhouse villas to the common area housing the group of mailboxes;

   c) Failing to keep-up and maintain the landscaping surrounding the group of mailboxes to ensure that oncoming traffic's view of the mailboxes and associated common area was unobstructed;

   d) Failing to install speedbumps and caution signs on Townhouse Manor Circle where oncoming traffic entered the Property just before the common area housing the group of mailboxes;

   e) Failing to erect the mailboxes on the right-hand side of Townhouse Manor Circle in the direction of traffic such that anyone retrieving mail would be clearly visible to oncoming traffic and residents would not be required to cross Townhouse Manor Circle in order to retrieve mail;

   f) Failing to properly locate and erect curbside mailboxes that comply with United States Postal Service guidelines and standards;

   g) Failing to properly locate and erect a CBU that complies with United States Postal Service guidelines and standards;

   h) Failing to locate and erect the mailboxes in a safe location for retrieval of mail by the residents of the Townhouse villas within the Property;

i) Failing to construct and erect an adequate mailbox structure or support of the appropriate size for the safe retrieval of mail by the residents of the Townhouse villas within the Property;

j) Failing to post necessary caution signs around the mailboxes to warn residents and protect them from oncoming traffic with obstructed views of the roadway in front of them;

k) Failing to discover the unreasonable risk of bodily harm and death presented by the location of the mailboxes and surrounding unmaintained landscaping and failing to remedy the dangerous condition;

l) Failing to warn of the unreasonable risk of bodily harm and death presented by the location of the mailboxes and surrounding unmaintained landscaping and failing to remedy the dangerous condition

m) Failing to use even the slightest care or diligence necessary to avert bodily harm and/or death in the common areas at issue by oncoming traffic;

n) Willfully and/or maliciously failing in any other way to protect, guard or warn permissive users of the common areas within the Property of the dangerous and unreasonable risks inherent in the location and condition of the mailboxes located on the Property; and

o) On such other and further particulars as the evidence may show.

42. As a direct and proximate result of Defendant's breach of duty, the Decedent suffered severe personal injuries and death, and Plaintiffs suffered substantial damages.

43. At all times relevant, but for these tortious, negligent, reckless and/or intentional acts and/or omissions by Defendant, the Decedent's injuries and death would not have occurred and/or could have been avoided.

44. WHEREFORE, Plaintiffs demand judgment against Defendant for all actual and compensatory damages as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

**FOR A SECOND CAUSE OF ACTION**
**(Negligence and Gross Negligence)**

45. Plaintiffs adopt and re-allege each prior paragraph and all sub-parts, where relevant, as if set forth fully herein.

46. According to United States Postal Service delivery standards and Postal Operations guidelines and requirements, the installation, maintenance, repair, upkeep and replacement of the group of mailboxes at issue was the responsibility of Defendant.

47. Defendant owed the following duties to the Decedent:

   a) To place the mailboxes in a location where the mail could be reasonably and safely retrieved by the Decedent;

   b) To place the mailboxes on the right-hand side of Townhouse Manor Circle in the direction of traffic or turn them around with a marked walkway that is in plain view of anyone navigating the roadway in any direction;

   c) To cut and maintain the vegetation so that drivers and pedestrians have a clear and unobstructed visual of the roadway, vehicles on the roadway and anyone crossing the road;

d) To install a mailbox that complied with United States Postal Service guidelines for either curbside mailboxes or CBUs;

e) To ensure that the structure holding the mailboxes was the proper size; and

f) To keep the mailboxes in compliance with United States Postal Service standards, guidelines, and requirements.

48. Defendant was negligent, grossly negligent, careless, willful, wanton, and/or reckless so as to breach the duty of care owed to the Decedent by:

a) Failing to keep the common areas surrounding the mailboxes clear and unobstructed such that reasonable and safe retrieval of mail was possible;

b) Failing to place the mailboxes in a location where the Decedent could reasonably and safely retrieve mail;

c) Failing to properly place the mailboxes on the right-hand side of Townhouse Manor Circle in the direction of travel or turn them around with a marked walkway in plain sight of pedestrians and motorist;

d) Failing to erect and/or install a proper CBU that complies with United States Postal Service guidelines and standards, USPSB1118;

e) Failing to erect and/or install a proper curb-mounted mailbox that complies with United States Postal Service guidelines and standards;

f) Failing to ensure that the structure holding the mailboxes was the proper size and did not render the mailboxes unsafe with respect to oncoming traffic;

g) Failing to keep the mailboxes in compliance with United States Postal Service standards, guidelines, and requirements;

h) Failing to warn of the serious hazards associated with the location of the mailboxes and the unmaintained landscaping surrounding the mailboxes;

i) Failing to post adequate signs and warnings;

j) Failing to ensure safe access to and egress from the group of mailboxes and the common areas of the Property; and

k) Such other and further particulars as the evidence may show, all in reckless disregard for the safety of invitees and residents such as the Decedent.

49. As a direct and proximate result of Defendant's breach of duty, the Decedent suffered severe personal injuries and death, and Plaintiffs suffered substantial damages.

50. WHEREFORE, Plaintiffs demand judgment against Defendant for all actual and compensatory damages as well as for punitive damages in an amount sufficient to keep such wrongful conduct from being repeated, together with interest, if applicable, and all costs of this action and for such other and further relief as this Honorable Court and/or jury may deem just and proper.

## FOR A THIRD CAUSE OF ACTION
### (Punitive and Exemplary Damages)

51. Plaintiffs adopt and re-allege each prior paragraph and all sub-parts, where relevant, as if set forth fully herein.

52. At all times relevant, the actions and inactions of Defendant were of such a character as to constitute a pattern or practice of willful, wanton and reckless misconduct causing substantial harm and death to the Decedent and resulting in damages to the Plaintiffs.

53. More specifically, Defendant acted with a conscious and flagrant disregard for the rights and safety of the Decedent and/or deliberately engaged in willful, wanton and reckless disregard for the life and safety of the Decedent.

54. The wrongful acts of Defendant constitute a willful, wanton, malicious, and reckless disregard of the Decedent's rights and a conscious failure to exercise due care. As such, punitive damages should be imposed in an amount sufficient to keep such wrongful conduct from being repeated

55. Accordingly, Defendant is liable for punitive and exemplary damages awardable to the Plaintiffs.

### FOR A FOURTH CAUSE OF ACTION
### (Loss of Consortium)

56. Plaintiffs adopt and re-allege each prior paragraph and all sub-parts, where relevant, as if set forth fully herein.

57. As a direct and proximate result of the injuries, death and damages complained of herein with respect to the Decedent, Frank Junger, and as a direct and proximate result of the negligent/grossly negligent acts and omissions of Defendant, Plaintiff Barbara Junger has suffered and will continue to suffer loss of the consortium, society, companionship, fellowship and other valuable services of her husband, Frank Junger.

58. WHEREFORE, Plaintiff Barbara Junger verily believes that she is entitled to actual damages against Defendant by reason of said loss of consortium and society, proximately caused by the fault of Defendant, and punitive damages in an amount to be determined by the trier of fact, plus the costs of this action.

### PRAYER FOR RELIEF

59. WHEREFORE, Plaintiffs demand judgment against Defendant as follows:

   a) Economic and compensatory damages in amounts to be determined at trial;

   b) Exemplary and punitive damages to the fullest extent available under the law;

    c) Pre-judgment and post-judgment interest at the maximum rate allowable by law;

    d) Attorneys' fees and costs of litigation; and

    e) Such other and further relief available under all applicable state and federal laws and any such relief the Court deems just and appropriate.

## REQUEST FOR TRIAL BY JURY

60. Plaintiffs demand trial by jury.

        Respectfully submitted,

By:   s/ Kevin. R. Dean
       Kevin R. Dean
       kdean@motleyrice.com
       *Federal Bar No.: 8046*
       W. Christopher Swett
       cswett@motleyrice.com
       *Federal Bar No.: 11177*

**MOTLEY RICE LLC**
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
(843) 216-9000
(843) 216-9440 (Facsimile)

ATTORNEYS FOR PLAINTIFF

Mt. Pleasant, South Carolina
Dated: February 2, 2022